**NOT FOR PUBLICATION**

AUG 22 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>TEAMSTERS UNION LOCAL NO.70, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA,<br><br>Respondent. | No. 71-01092<br><br>NLRB No. 20-CC-1008<br><br>ORDER* |
| NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>TEAMSTERS UNION LOCAL NO. 70, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA,<br><br>Respondent. | No. 82-07451<br><br>NLRB No. 32-CC-509 |

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On Motion to Modify Judgments of This Court
Enforcing Orders of the National Labor Relations Board

Argued and Submitted August 12, 2016
San Francisco, California

Before: HAWKINS and GRABER, Circuit Judges, and SELNA,[**] District Judge.

Teamsters Union Local No. 70 ("Union") has moved for relief from several of our judgments pursuant to Federal Rule of Civil Procedure 60(b). Under Rule 60(b), a party seeking modification "bears the burden of establishing that a significant change in circumstances warrants revision of the decree." Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 383 (1992). The Union argues that the Supreme Court's opinion in Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015), is a significant change in circumstances that warrants revision of our judgments. We disagree and deny the motion.

We assume, without deciding, that Reed changed the Supreme Court's First Amendment jurisprudence in some respects. But it did not do so in a way that matters here. When faced with a constitutional challenge, the Supreme Court has not disturbed the National Labor Relations Act's prohibition against peaceful secondary picketing. NLRB v. Retail Store Emps. Union, Local 1001, 447 U.S.

_____

[**] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

2

607 (1980).  The Court has recognized that picketing might have a coercive effect, not entitling it to full First Amendment protection.  See Bakery & Pastry Drivers Local 802 v. Wohl, 315 U.S. 769, 776 (1942) (Douglas, J., concurring) ("Picketing by an organized group is more than free speech, since it involves patrol of a particular locality and since the very presence of a picket line may induce action of one kind or another, quite irrespective of the ideas which are being disseminated."). Reed, in result and rationale, does not necessarily undermine these cases. Therefore, we are not free to disregard the Supreme Court's picketing-specific jurisprudence.  See Agostini v. Felton, 521 U.S. 203, 237 (1997) ("[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." (internal quotation marks omitted)).  Because the Union has established no relevant change in law, we may not revise our previous judgments.

Accordingly, the motion is **DENIED**.